IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-389-D

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOHN DOE ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant John Doe's Motion to Quash. [DE-13]. Plaintiffs have responded. [DE-15]. Accordingly, this matter is ripe for review.

## STATEMENT OF THE CASE

Plaintiffs, record companies that own the copyrights for sound recordings, sued John Doe Defendant for copyright infringement. [DE-1]. Plaintiffs allege that Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or to distribute copyrighted works to the public. Plaintiffs did not know the name of the Doe Defendant, however, Plaintiffs did identify Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's alleged infringing activity. In order to determine Defendant's true name, Plaintiffs sought leave of court to undertake expedited discovery from Defendants' Internet Service Provider ("ISP"), North Carolina State University ("NCSU").

In support of the motion for expedited discovery, Plaintiffs filed a declaration by

1

Carlos Linares, vice president, anti-piracy legal affairs for the Recording Industry Association of America, Inc. ("RIAA"), a trade association of record companies to which all Plaintiffs belong. [DE-6, Exh. A, Linares Dec.]. The declaration states that RIAA assists its members with the investigation of the unauthorized distribution of copyrighted sound recordings over the internet. Id. RIAA employs the firm MediaSentry, Inc. ("MediaSentry") to help with investigations of suspected copyright infringers. Id. The declaration also stated that RIAA, with the assistance of MediaSentry, determined that defendant was distributing music files to others on various peer-to-peer networks without the permission of Plaintiffs. Id. The declaration states that RIAA downloaded and listened to a representative sample of the music files that Defendant was allegedly distributing and was able to confirm that the files were illegal copies of the songs whose copyrights are owned by RIAA members. Id. According to the declaration, Defendant has made available for distribution 63 audiofiles, whose copyrights are, by and large, owned by various Plaintiffs.

The court granted Plaintiffs' motion for expedited discovery on November 7, 2008. [DE-7]. Plaintiffs served a Rule 45 subpoena on NCSU to obtain documents that identify Defendant's true name, current and permanent addresses, telephone numbers, email addresses and Media Access Control addresses. [DE-12]. Defendant now moves to quash the subpoena served on NCSU. [DE-13]..

## DISCUSSION

A. <u>First Amendment does not support quashing the subpoena</u>

Defendant asserts that the subpoena served on NCSU violates his qualified right to anonymous expression under the First Amendment. Under Rule 45, a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if

2

no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

The protection of the First Amendment applies to anonymous speech. Buckley v. Am. Constitutional Law Found., 525 U.S. 182, 200 (1999). In addition, the First Amendment protects the expression of speech over the internet. Reno v. ACLU, 521 U.S. 844, 870 (1997). The First Amendment does not, however, protect copyright infringement. Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 555-56 (1985).

Nonetheless, courts have held that while an anonymous peer-to-peer internet file-sharer is not engaging in true expression, the act of downloading, distributing, or making music available does constitute protected First Amendment speech. Sony Music Ent. v. Does 1-40, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004). This first Amendment protection is very limited, however, and "subject to other considerations." Id.

The court in Sony Music developed a five-factor balancing test for determining whether the First Amendment shields an anonymous defendant's identity from disclosure: (1) "a concrete showing of a prima facie case of actionable harm"; (2) "specificity of the discovery request"; (3) "the absence of alternative means to obtain the subpoenaed information"; (4) "a central need for the subpoenaed information to advance the claim"; and (5) "the party's expectation of privacy." Id. at 564-65. When the five factors are applied to the current case, it is clear that the subpoena should not be quashed.

The first factor requires Plaintiffs to have established a concrete showing of a prima facie case. Plaintiffs are asserting a copyright infringement claim based on Defendant's alleged actions of (1) making protected works available to the public and (2) disseminating those protected works. This is sufficient to make a prima facie showing. Keeler Brass Co. v. Cont'l Brass Co., 862 F.2d 1063, 1065 (4th Cir. 1988) (noting that in order to establish

3

a copyright infringement case, a Plaintiff must show that (1) Plaintiff owned the copyright and (2) that the defendant copied the property of the plaintiff).

Defendant takes particular issue with the second factor–specificity of the discovery request. The subpoena requests the name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control ("MAC") addresses for Defendant. [DE-7]. Defendant argues that the request is not specific to him because he lived in a residence with 16 other students and there were many live wireless networks from which he could log onto the internet. Defendant asserts that he is not the person who allegedly infringed on Plaintiffs' copyrights because the "IP [address] in question is still associated with the same MAC address, but is registered to someone else."

Although Defendant has raised some question about whether he is the person responsible for the alleged copyright infringement, the subpoena request is still adequately specific. The request itself seeks limited information about one individual, the person who has the unique Internet Protocol ("IP") address that Plaintiffs have identified as engaging in the alleged infringing activity. Defendant's defenses should be raised in an answer, or some other pleading, and not a motion to quash. Fed. R. Civ. P. 8(c) (providing that affirmative defenses must be raised in an answer to a complaint). In addition, the order authorizing the subpoena permits Plaintiffs to use any information obtained "solely for the purpose of protecting Plaintiffs' rights under the Copyright Act." [DE-7]. Therefore, the discovery request is sufficiently specific to support enforcement of the subpoena.

The third factor–the absence of alternative means to obtain the subpoenaed information–also supports enforcement. Plaintiffs appear to have no alternative means of identifying Defendant in the absence of a subpoena compelling the ISP to provide such

4

information.

The fourth factor requires Plaintiffs to show a central need for the subpoenaed information. As described above, there seems to be no other means for Plaintiffs to learn this information. Moreover, they need the information in order to effect service and prosecute their copyright infringement claim.

The fifth factor involves Defendant's expectation of privacy. A defendant has little expectation of privacy in allegedly distributing music over the internet without the permission of the copyright holder. See Warner Bros. Records, Inc. v. Doe, No. 5:08-CV-116-FL, 2008 WL 5111884, *8 (E.D.N.C. Sept. 26, 2008) (noting that people's expectations of privacy necessarily diminishes when they open up their computers to the world by permitting others to download materials through peer-to-peer file-sharing from their computers). When the Sony Music factors are considered together, they weigh heavily in favor of requiring enforcement of the subpoena.

B. Investigation by MediaSentry was Proper

Defendant also argues that the information provided by Carlos Linares in a declaration attached to the motion to expedite discovery is improper. Carlos Linares works for RIAA, which retained an investigative company, MediaSentry, to conduct searches of the internet for infringing copies of sound recordings. Defendant contends that the declaration from Linares is not valid because he has no first hand knowledge of the copying alleged, and because MediaSentry is not licensed to conduct investigations as required by North Carolina General Statutes Chapter 74C, the North Carolina Private Protective Services Act.

First, Defendant contends that the Linares declaration is not based on Linares' first

5

hand knowledge of the copying alleged. However, the declaration states the process by which MediaSentry and RIAA identified the alleged infringer based on the IP address associated with the copying activity. Linares, who serves as Vice President, Anti-Piracy Legal Affairs for RIAA, supervises investigations, including those done by MediSentry, into copyright infringements for Plaintiffs. Accordingly, he does have first hand knowledge of the information that he provided in his affidavit.

Defendant also argues that MediaSentry is not properly licensed in North Carolina. Under the Private Protection Services Act, some investigative organizations must be licensed by the Protective Services Board or the Attorney General. N.C. Gen. Stat. § 74C-2. However, according to Plaintiffs, on December 11, 2008, the Protective Services Board, which was established to administer the licensing requirements under the statute, held that it did not have jurisdiction to adjudicate the matter of MediaSentry's alleged investigatory operation without a license. Because the Protective Services Board has the power to investigate violations of the Private Protection Services Act, it seems clear that MediaSentry's activities do not fall under the proscribed activities of the Act. Accordingly, Defendant's claim that the subpoena at issue should be quashed because the Linares declaration is not valid, is unavailing.

6

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to quash the subpoena. [DE-13].

This 16th day of March 2009.

DAVID W. DANIEL
United States Magistrate Judge